IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50119
USDC No. W-99-CV-16
_____

STEVE ALAN MCCLURG,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
--------------------
July 10, 2000

Before JOLLY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Steve Alan McClurg, Texas prisoner # 581125, has moved this
court for a certificate of appealability ("COA") to appeal the
district court's procedural dismissal of his 28 U.S.C. § 2254
application challenging his May 1996 prison disciplinary action
and his December 1997 conviction for possession of marijuana in a
penal institution.  A COA may be issued only if the prisoner has
made a substantial showing of the denial of a constitutional
right.  § 2253(c)(2).  If the petition was dismissed on
procedural grounds, the applicant must demonstrate that "jurists

_____

        * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect."  Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).

Because McClurg has failed to show that reasonable jurists would find it debatable or incorrect that the district court erred in dismissing his § 2254 challenge to his disciplinary conviction as time-barred, COA is DENIED on that issue.  See Slack, 120 S. Ct. at 1604.

However, McClurg has shown that reasonable jurists would find the district court's dismissal of his § 2254 challenge to the criminal conviction for failure to exhaust state remedies to be debatable or incorrect.  McClurg presented documentation to the district court showing that he had exhausted his state remedies in a habeas corpus action.  McClurg alleged in his § 2254 petition that he had raised the same issues in a state habeas proceeding filed in the 52nd Judicial District Court and that the Texas Court of Criminal Appeals had denied the petition on October 28, 1998.  McClurg attached to his opposition to respondent's motion to dismiss copies of documents showing that the habeas petition was filed on August 13, 1998, and denied on October 28, 1998.  COA is GRANTED on the issue of exhaustion. See Slack, 120 S. Ct. at 1604.

Because the record does not contain the state habeas petition, this court cannot determine whether the issues presented in the § 2254 petition were also presented to the state court.  The district court's judgment is VACATED to the extent that it dismissed McClurg's § 2254 challenge to the December 1997

conviction for possession of marijuana in a penal institution, and the case is REMANDED to the district court to determine whether McClurg presented his federal constitutional claims regarding the criminal conviction to the state court.

COA GRANTED IN PART, DENIED IN PART. JUDGMENT VACATED AND REMANDED.